*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*

★　★　★　　　　　　　　　★　★　★

## MEMORANDUM OPINION

No. 04-08-00879-CV

**IN RE** Patrick James **HOLZER**, Jr.

Original Mandamus Proceeding[1]

Opinion by:　Karen Angelini

Sitting:　　Karen Angelini, Justice
　　　　　Rebecca Simmons, Justice
　　　　　Steven C. Hilbig, Justice

Delivered and Filed:　January 14, 2009

PETITION FOR WRIT OF MANDAMUS DENIED

On December 3, 2008, relator Patrick James Holzer, Jr., an inmate confined in the Texas Department of Criminal Justice Institutional Division, filed a petition for a writ of mandamus in this court. In his petition, Holzer complains of a trial court order requiring the withdrawal of money from his inmate trust account pursuant to section 501.014(e) of the Texas Government Code. Section 501.014(e) requires the Department "[o]n notification by a court" to withdraw from an inmate's trust account any amount the inmate is ordered to pay under specified court orders, including orders for fines, court costs, and fees. TEX. GOV'T CODE ANN. § 501.014(e) (Vernon 2004). Holzer also

---

[1] This proceeding arises out of Cause Nos. 95-0059-CR and 00-0215-CR-A, styled *State of Texas v. Patrick James Holzer, Jr.*, filed in the 25th Judicial District Court, Guadalupe County, Texas, the Honorable Dwight E. Peschel presiding.

complains of the trial court's failure to rule on his motion for reimbursement of garnished funds and other motions he claims to have filed in the underlying proceeding. No mandamus record has been filed.[2]

Generally, mandamus relief is granted only when the relator shows the trial court abused its discretion and he has no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135 (Tex. 2004). There is disagreement among the courts of appeals over whether a section 501.014(e) order is appealable. *Reed v. State*, No. 04-07-00004-CV, 2008 WL 2714463, at *3 (Tex. App.—San Antonio July 9, 2008, no pet.). This court has held that a section 501.014(e) order may be a final, appealable order. *Id*. The Texas Supreme Court may soon resolve the disagreement, having granted review in a case in which another court of appeals held that a 501.014(e) order is not an appealable order. *See Harrell v. State*, Nos. 07-06-0469-CR & 07-06-0470-CR, 2007 WL 2301350 (Tex. App.—Amarillo August 13, 2007, pet. granted).

Here, as the party seeking mandamus relief, Holzer had the burden of providing this court with a record sufficient to establish his right to mandamus relief. *See Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992); *In re Alert 24 Security*, *L.L.C.*, No. 04-08-00148-CV, 2008 WL 1733310, at *1 (Tex. App.—San Antonio April 16, 2008, orig. proceeding); TEX. R. APP. P. 52.7(a). Texas Rule of Appellate Procedure 52.7, which governs the filing of the record in mandamus proceedings, expressly provides: "Relator *must* file with the petition: (1) a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying

---

[2] Holzer did not file an affidavit of indigence with the clerk of this court with or before the filing of his mandamus petition. *See* TEX. R. APP. P. 20.1(c)(2).

proceeding; and (2) a properly authenticated transcript of any relevant testimony from any underlying proceeding, including any exhibits offered in evidence, or a statement that no testimony was adduced in connection with the matter complained." TEX. R. APP. P. 52.7(a) (emphasis added).

In his mandamus petition, Holzer refers to an order requiring the withdrawal of money from his inmate trust account. Holzer also refers to several motions he allegedly filed in the underlying proceeding, including a motion for reimbursement of garnished funds. Holzer has failed to provide this court with copies of the order and motions cited in his mandamus petition. Additionally, there may be other documents not referred to Holzer's petition which are also material to Holzer's claim for mandamus relief. Because Holzer has not provided this court with a record upon which he can establish his right to mandamus relief, his petition for a writ of mandamus is denied. *See Walker*, 827 S.W.2d at 837; *Alert 24*, 2008 WL 1733310, at *1.

Karen Angelini, Justice